### SIMMONS v. CITY OF CHADRON et al.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1909.)

### No. 2,919.

FALSE IMPRISONMENT (§ 15*) — TORTS — LIABILITY FOR WRONGFUL ARREST BY OFFICERS.

A municipal corporation cannot be held liable in damages for the wrongful arrest by its officers of a person charged with a public misdemeanor.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 64; Dec. Dig. § 15.*

Liability for torts of public officers, see note to Mayor, etc., of City of New York v. Workman, 14 C. C. A. 534.]

In Error to the Circuit Court of the United States for the District of Nebraska.

The following is the opinion of W. H. MUNGER, District Judge:

This is a suit brought by the plaintiff against the defendants, charging them with having entered into a conspiracy to deprive the plaintiff of the right to vote at the general election in November, 1906, for a representative to Congress, in violation of the law of the United States. The petition alleges that the defendant Albert W. Crites was the city attorney of said city of Chadron, Fred J. Houghton, acting police judge, and Grant C. Alexander was the chief of police; that for the purpose of depriving the plaintiff of his right to vote for a representative in Congress a complaint was filed before said Houghton, acting police judge, charging the plaintiff with drunkenness, etc. To the petition the defendant city of Chadron has filed a demurrer.

It clearly appears from the petition that, in the arrest of plaintiff by the city authorities of said city of Chadron, the city was exercising one of its governmental powers, and not what are commonly called "corporate" powers, and that where the acts of the officers of the city are void in performing governmental powers, or powers which are exercised as an agency or arm of the state, for and on behalf of the public, the city is not liable. The law in this respect is clearly stated in 3 Abbott on Municipal Corporations, § 970, as follows: "Public corporations are not liable, either in the use of agencies or for the acts of their officers and employés in enforcing ordinances, valid or invalid, passed for the carrying out of some governmental or public duty or power; and the contrary rule, of course, will apply where the ordinance relates to local proprietary or private powers or duties of a corporation."

This distinction, we think, is clearly illustrated in the case of McGraw v. Town of Marian, 98 Ky. 673, 34 S. W. 18, 47 L. R. A. 593, cited by complainant. The liability of municipal corporations for the unlawful arrest and imprisonment under invalid ordinances, etc., is fully and clearly discussed in the note to cases in 44 L. R. A. 795, and 47 L. R. A. 593. This view has also been sustained by the Court of Appeals of this circuit, in the case of City of Kansas City v. Lemen, 57 Fed. 905, 6 C. C. A. 627, and I think, also, in the case of Gillespie v. City of Lincoln, 35 Neb. 34, 52 N. W. 811, 16 L. R. A. 349. Without at this time undertaking to say whether the petition states a case over which this court has jurisdiction, we content ourselves with sustaining the demurrer.

The demurrer of the city of Chadron is sustained, and cause dismissed as to said city.

Allen G. Fisher, for plaintiff in error.

D. B. Jenckes and A. W. Crites, for defendants in error.

Before ADAMS, Circuit Judge, and RINER and AMIDON, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. After a careful consideration of this record, we are unanimously of opinion that the petition states no cause of action, and that the Circuit Court committed no error in sustaining the demurrer. As no new or difficult question of law is presented, we deem it unnecessary to say more than that the judgment ought to be affirmed.

It is so ordered.